UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO VILLASENOR,<br><br>Petitioner,<br><br>v.<br><br>M. ELIOT SPEARMAN,<br><br>Respondent. | No. 2:16-cv-3044-JAM-CKD P<br><br><br><br>ORDER |

Petitioner is a state inmate proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Upon review of the parties' briefs, the court hereby requests supplemental briefing on the analytical framework for resolving claim one of the pending § 2254 petition for the reasons discussed herein.

**I.    Factual and Procedural Background**

Petitioner was convicted in the Sacramento Superior Court following two jury trials in which he was convicted of two separate incidents of premeditated attempted murder with gun and gang enhancements. ECF No. 1 at 2. He was sentenced to a total prison term of 50-life plus a consecutive determinate term of 24 years and 8 months. ECF No. 1 at 2. At the time of the shootings, petitioner was 17 years old. ECF No. 1-4 at 2 (direct appeal opinion).

On December 29, 2016 petitioner filed the pending habeas corpus application primarily challenging the admission of petitioner's confession at trial as a violation of his Fifth Amendment

right to remain silent as well as his Sixth Amendment right to counsel.[1]  ECF No. 1.  While the California Court of Appeal concluded that the admission of petitioner's confession violated his rights under Miranda v. Arizona, 384 U.S. 436 (1966), it ultimately found that this error was harmless beyond a reasonable doubt.  See ECF No. 1-4 at 3 (direct appeal opinion).  Petitioner subsequently filed a state habeas corpus petition in the California Supreme Court raising the Miranda violation plus additional newly discovered evidence impeaching the prosecution's main eyewitness to the first attempted murder conviction ("the Lopez shooting").  See ECF No. 1 at 3.  The California Supreme Court issued a summary denial of this habeas petition on November 30, 2016.  Id.; see also Lodged Document No. 23.

## II.  Federal Habeas Standard of Review

In order to be entitled to federal habeas relief, petitioner must first exhaust his state court remedies.  28 U.S.C. § 2254(b)(1)(A).  Furthermore, petitioner must affirmatively establish that the state court decision resolving the claim on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or … resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).

Before conducting the requisite § 2254(d) analysis of the constitutional issue raised by petitioner, this court must determine what is the last reasoned state court opinion resolving this claim for relief.  Both parties in the pending action rely on the California Court of Appeal's decision as the last reasoned state court opinion resolving petitioner's Miranda claim for relief.  See ECF No. 1-2 at 13; ECF No. 8 at 17.  However, the Ylst look-through doctrine applies "[w]here there has been one reasoned state judgment rejecting a federal claim, [and where] later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  Here, the California Court of Appeal was not reviewing the same Miranda claim as the California Supreme Court on habeas review.  In

---

[1] Petitioner also alternatively raises an ineffective assistance of trial counsel claim based on counsel's failure to present relevant impeachment evidence of the prosecution's main witness to the Lopez shooting.  ECF No. 1 at 4.  This impeachment evidence was not discovered until state post-conviction proceedings.

2

state habeas proceedings, the California Supreme Court reviewed the Miranda claim plus the additional impeachment evidence of the prosecution's main witness. The California Court of Appeal reviewed the Miranda claim and conducted its harmless error analysis absent this new impeachment evidence. Thus, the Ylst look-through doctrine may not apply to petitioner's Miranda claim.

In 2011, the Supreme Court adopted a rebuttable presumption that a state court's summary denial of a federal claim constitutes an adjudication on the merits that is entitled to deference under 28 U.S.C. § 2254(d). Harrington v. Richter, 562 U.S. 86 (2011). Since that time, the high court has repeatedly reversed habeas corpus decisions from the Ninth Circuit Court of Appeal that have failed to apply this deferential standard of review to silent denials of relief issued by California state courts. See Cullen v. Pinholster, 563 U.S. 170 (2011) (reversing the Ninth Circuit's en banc opinion finding California Supreme Court's decision was contrary to or an unreasonable application of federal law based on evidence first introduced in federal district court); Johnson v. Williams, 133 S. Ct. 1088, 1091-92 (2013) (reversing the judgment of the Ninth Circuit and concluding that petitioner's Sixth Amendment jury trial claim "must be presumed to have been adjudicated on the merits by the California courts, that this presumption was not adequately rebutted, that the restrictive standard of review set out in § 2254(d)(2) consequently applies, and that under that standard respondent is not entitled to habeas relief"); Kernan v. Hinojosa, 136 S. Ct. 1603 (2016) (per curiam) (summarily reversing the Ninth Circuit's grant of habeas relief that concluded that the silent denial by the California Supreme Court was not a decision "on the merits" entitled to AEDPA deference and applying Richter's presumption that a silent denial is a denial on the merits).

With this legal framework in mind, the parties are hereby ordered to submit supplemental briefs on the application of the Richter presumption to petitioner's first claim for relief in the pending § 2254 petition. In so doing, the parties shall address how the AEDPA standard applies if the silent denial from the California Supreme Court on habeas review constitutes the last reasoned state court opinion for claim one.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit a supplemental brief on the issues identified herein within 21 days from the date of this order.
2. Respondent shall submit a supplemental brief 14 days after being served with petitioner's brief.
3. Petitioner may file a reply brief within 7 days of being served a copy of respondent's supplemental brief.
4. This case will be deemed submitted following the filing of the parties' supplemental briefs.

Dated: September 13, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/vill3044.briefingschedule.docx

4